**E-FILED**

Wednesday, 08 November, 2006  09:48:45 AM

Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CHARLES K HICKEY, Jr.   ) | |
| ) | |
|     Plaintiff,   ) | |
| ) | |
| v.   ) | No. 06-cv-1202 |
| ) | |
| SO HEE LEE, et al,   ) | |
| ) | |
|     Defendants.   ) | |
| ) | |

### <u>O R D E R</u>

Before the Court is Magistrate Judge Byron Cudmore's Report and Recommendation (Doc. 3) and Plaintiff's Objection to Judge Cudmore's Report and Recommendation (Doc. 4).

Judge Cudmore's Report recommends that this Court dismiss Plaintiff's claim for failure to prosecute.  Plaintiff was mailed a copy of the Report and Recommendation on September 13, 2006.  Included in the Report was the following statement:

> Plaintiff is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

Plaintiff filed his Objection to the Magistrate's Report and Recommendation on October 25, 2006, 41 days after he was

mailed a copy of the Report and Recommendation.  Plaintiff's objection was not filed within the 10 day requirement.

Furthermore, Local Rule 72.2(B) requires that an objection "specifically identify the portions of the report and recommendation to which objection is made and the basis for the objection and shall be accompanied by a memorandum of law in support of the objection."  Plaintiff's objection describes several recent unfortunate events that have transpired in his life and Plaintiff has this Court's sympathies.  However, Plaintiff never mentions his complaint in this case nor does he reference the Report and Recommendation to which he is allegedly objecting.  In addition he has not stated any steps that he intends to take to pursue his claim.  A dismissal with prejudice for a plaintiff's failure to prosecute a case is appropriate when there is a clear record of delay or contumacious behavior, or when other sanctions have proved unavailing.  3 Penny Theater Corp. v. Plitt Theatres, Inc, 812 F.2d 337 (7th Cir. 1987).  In this case, not only is there a record of delay, but the Plaintiff has failed to properly object to the Report and Recommendation and failed to inform the Court of any steps he intends to take to pursue the claim.

Furthermore, he still has not paid the filing fee necessary to bring this claim nor has he stated that he intends to pay the filing fee.  By Text Order, entered August 9, 2006, Plaintiff

was warned that he risked having his case dismissed if he did not pay the necessary filing fee by September 11, 2006.  That date has come and passed.  A failure to pay a filing fee normally leads to dismissal for want of prosecution.  <u>Sperow v. Melvin</u>, 153 F.3d 780 (7th Cir. 1998).  Accordingly, Plaintiff's claim is dismissed with prejudice for want of prosecution.

IT IS THEREFORE ORDERED that this Court ADOPT Magistrate Judge Byron Cudmore's REPORT AND RECOMMENDATION and this Matter be DISMISSED with prejudice for want of prosecution.

ENTERED this  <u>7th</u>  day of November, 2006.

<u>  s/ Joe Billy McDade____</u>
Joe Billy McDade
United States District Judge